JUSTICE NELSON
concurs and dissents.
¶44 I concur in our Opinion with the exception of our decision as to Petition 545, that of Norman and Mary Taylor. As to our decision on that petition, I dissent.
¶45 As described in ¶ 34 of our Opinion, the Taylors’ ability to access and use water from MID’s canal was completely frustrated by waste and debris entering the ditch along its route. It was not the Taylors’ obligation to clean and maintain the ditch; it was MID’s. Even then The Taylors attempted to access and use MID water by installing a settling pond, a deeper screened pump intake, or a diversionary barrier to reduce blockages traveling in MID’s ditch. MID would not permit these modifications.
¶46 On the one hand, MID complains that the Taylors would not use MID’s ditch, but on the other hand, MID suffered debris and waste to exist in its canal water that prevented the Taylors from using the ditch and then, to add insult to injury, refused to allow the Taylors’ offer to mitigate the situation so they could access and use MID’s ditch and water. MID cannot have it both ways.
¶47 On these facts, I conclude that the Taylors met their burden under § 85-7-1846(1)(e), MCA (1997). The Taylors do not and could not feasibly obtain water from the irrigation district through its existing irrigation works. I would affirm as to Petition 545.
¶48 Therefore, I concur and dissent.